IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHIRLEY ANN HALL,

      Plaintiff,                       No. CIV S-05-1050 GGH

      vs.

MICHAEL J. ASTRUE,
Commissioner of
Social Security,
                                          ORDER

      Defendant.

_____/

      Pending before the court is plaintiff's motion for an award of attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1). Plaintiff seeks attorneys' fees for 45.75 hours of work at $166.98/hour in 2005 through 2007, for a total amount of $7,639.34, and costs of $152.85 for a total of $7,692.19.[1] Plaintiff seeks a cost of living adjustment ("COLA") to the statutory cap on attorneys' fees of $125/hour. Defendant contends fees under the EAJA should not be awarded because the government's position was substantially justified. In the event fees are awarded, defendant contends that the amount of hours claimed is

---

[1] In the alternative, plaintiff requests $8,006.25 in fees pursuant to Widrig v. Apfel, 140 F.3d 1207 (9th Cir. 1998). That case is based on 42 U.S.C. § 406(b), and does not apply to EAJA fee cases.

1

unreasonable.  Defendant also objects to the costs claimed, and to paying the award to plaintiff's counsel rather than to plaintiff herself.

     A. <u>Substantial Justification</u>

The EAJA provides that the prevailing party in a civil action against the United States may apply for an order for attorneys' fees and expenses within thirty days of final judgment in the action.  An applicant for Social Security benefits receiving a remand under sentence four of 42 U.S.C. § 405(g) is a prevailing party, regardless of whether the applicant later succeeds in obtaining the requested benefits.  <u>Shalala v. Schaefer</u>, 509 U.S. 292 (1993).  In this case, the matter was remanded under sentence four pursuant to the order of the court for further development of the record in regard to plaintiff's vision problems and resulting headaches, mental impairments, and possible further vocational testimony, as well as proper credibility analysis.  <u>See</u> Order filed March 2, 2007.  Plaintiff thus is entitled to an award of fees under the EAJA.  The court must allow the fee award unless it finds that the position of the United States was substantially justified.  <u>Flores v. Shalala</u>, 49 F.3d 562, 568-69 (9th Cir. 1995).

The burden of establishing substantial justification is on the government.  <u>Gutierrez v. Barnhart</u>, 274 F.3d 1255, 1258 (9th Cir. 2001).  In <u>Pierce v. Underwood</u>, 487 U.S. 552 (1988), the Supreme Court defined "substantial justification" as:

> 'justified in substance or in the main'– that is, justified to a degree that could satisfy a reasonable person.  That is no different from the 'reasonable basis in both law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue.

<u>Id</u>. at 565.  A position does not have to be correct to be substantially justified.  <u>Id</u>. at 566 n.2; <u>see also</u> <u>Russell v. Sullivan</u>, 930 F.2d 1443, 1445 (9th Cir. 1991), <u>receded from on other grounds</u>, <u>Sorenson v. Mink</u>, 239 F.3d 1140 (9th Cir. 2001); <u>Lewis v. Barnhart</u>, 281 F.3d 1081, 1083 (9th Cir. 2002).

In determining substantial justification, the court reviews both the underlying governmental action being defended in the litigation and the positions taken by the government

in the litigation itself. Barry v. Bowen, 825 F.2d 1324, 1331 (9th Cir. 1987), disapproved on other grounds, In re Slimick, 928 F.2d 304 (9th Cir. 1990). Where the underlying government action was not substantially justified, it is unnecessary to determine whether the government's litigation position was substantially justified. Andrew v. Bowen, 837 F.2d 875, 880 (9th Cir. 1988). "The nature and scope of the ALJ's legal errors are material in determining whether the Commissioner's decision to defend them was substantially justified." Sampson v. Chater, 103 F.3d 918, 922 (9th Cir. 1996) (citing Flores v. Shalala, 49 F.3d 562, 570 (9th Cir. 1995)).

Defendant contends the government's position was substantially justified. In support of this contention, defendant argues that although the case was remanded for two reasons, the court concluded that the ALJ did *not* err in determining that plaintiff's prior favorable SSI decision had no preclusive effect on the current SSI application, in his decision as to what ailments constituted severe impairments,[2] and in finding that lay witness testimony was generally credible. Although defendant is correct that the government can lose on the merits and its position still be substantially justified for purposes of EAJA, defendant's argument in this instance is unavailing. In reviewing the transcript, briefing on the cross-motions for summary judgment and order granting remand in this case, the court has determined defendant's position had no reasonable basis in either law or fact. The ALJ did not give a satisfactory explanation of why he did not fully credit the lay testimony regarding plaintiff's impairments, especially relating to vision and headaches,[3] failed to properly analyze plaintiff's credibility despite well established Ninth Circuit precedent, gave improper weight to plaintiff's past medical records, and failed to fully and fairly develop the record in regard to plaintiff's vision problems and resulting symptoms, which impacts every step of the sequential analysis, including vocational testimony.

---

[2] The court actually found that in regard to visual impairments and resulting headaches, remand was necessary. Order, at 12:5-6.

[3] The court actually found that "[t]he ALJ's explanation of why he did not fully credit the testimony of plaintiff's family friend, Mr. Eaton, as to the effect of her visual impairment, is not satisfactory." Order, at 10.

3

See, e.g., Sampson, 103 F.3d at 922 (position not justified where ALJ mischaracterized medical evidence and failed to take adequate account of testimony). The government's position thus was not substantially justified and fees under the EAJA will therefore be awarded.

B. Reasonable Fee

The EAJA directs the court to award a reasonable fee. In determining whether a fee is reasonable, the court considers the hours expended, the reasonable hourly rate, and the results obtained. See Commissioner, INS v. Jean, 496 U.S. 154 (1990); Hensley v. Eckerhart, 461 U.S. 424 (1983); Atkins v. Apfel, 154 F.3d 986 (9th Cir. 1998). Taking a reasonable rate and multiplying it by a reasonable amount of expended hours is not the only task left to the district court under the EAJA. Atkins, 154 F.3d at 989. The court must also consider the results obtained. Id.

In considering a reasonable rate for attorneys' fees, an increase in the statutory rate of $125 may be justified to account for inflation. See Ramon-Sepulveda v. INS, 863 F.2d 1458, 1463- 64 (9th Cir. 1988) (adding inflationary adjustment to statutory maximum). The COLA adjustment to the statutory cap is computed by multiplying the cap by the consumer price index for urban consumers for the year in which the fees were earned, then dividing by the consumer price index figure on the date that the cap was imposed by Congress. Russell v. Sullivan, 930 F.2d 1443 (9th Cir. 1991). The national, rather than local change in cost of living, should be applied to adjust the EAJA rate cap because "if Congress had wanted to allow for cost of living adjustments in a particular region or city, it could have done so in the statute." Stewart v. Sullivan, 810 F. Supp. 1102, 1107 (D. Haw. 1993). The Commissioner argues that the amount of fees requested is unreasonable because the claim of hours expended is excessive, and because the requested hourly rate exceeds the hourly rate permitted under the EAJA. To the extent that plaintiff seeks an hourly fee of $175, it is based on Widrig v. Apfel, 140 F.3d 1207 (9th Cir. 1998), which is a 42 U.S.C. § 406(b) case, and does not apply to EAJA fee cases. Plaintiff has requested an hourly fee of $166.98 if Widrig is found to be not controlling. The Commissioner

4

does not object to that hourly rate.  Therefore, plaintiff's hourly rate of $166.98/hour for work done from 2005 through 2007 will be utilized in the calculation.

Counsel requests a total fee in the amount of $7,639.34 plus $152.85 in costs. Counsel has submitted declarations documenting 45.78 hours of attorney time at $166.98/hour, pursuant to 28 U.S.C. § 2412(d)(1).  Defendant contends that plaintiff should not be compensated for time spent on clerical tasks, and that plaintiff's attorney, as a seasoned Social Security litigator, spent about twenty hours too many on this case.

The Commissioner first claims that counsel has billed for clerical services such as "certificate of service," "consent to jurisdiction," "proof of mailing, and "finalize court filing." Attach. to Peasley Aff.  The Commissioner asserts that these tasks are not traditionally performed by an attorney.  See Jean v. Nelson, 863 F.2d 759, 778 (11th Cir. 1988) (holding that a prevailing party may recover fees only for work which an attorney traditionally performs); Granville House v. Dep't of Health, Educ. and Welfare, 796 F.2d 1046, 1050 (8th Cir. 1986), vacated on other grounds, 813 F.2d 881 (8th Cir. 1987) (holding that an attorney could not recover fees for work which could have been done by support staff).  Having carefully reviewed the pending petition, the court is of the opinion that these tasks are normally carried out by clerical staff and are not compensable as attorneys' services.  Therefore, the total will be reduced by 1.65 hours.

Defendant also argues that the issues in this case were not novel or complex, and not deserving of 45.75 hours.  Although not raised by defendant, the court first notes that some of the hours billed in 2005 were for work occurring prior to counsel's representation of plaintiff. The docket indicates that Mr. Peasley filed a motion for substitution on September 20, 2005, and it was granted on September 27, 2005.  Counsel seeks compensation for services rendered from April 20, 2005 to July 22, 2005, during the time that plaintiff was proceeding pro se.  Counsel also itemizes billing on September 19, 2005; however, it appears that this work was done after counsel was retained by plaintiff and was necessary to get up to speed on the case.  Therefore, counsel will be compensated for 2.4 hours of work done prior to his substitution.  Attorneys' fees

5

are not awardable under the EAJA for work done by pro se litigants. Merrell v. Block, 809 F.2d 639, 641-42 (9th Cir. 1987). Therefore, fees for 12 hours performed during this portion of 2005 will not be awarded.

Of the remaining 33.75 hours requested, the court finds the hours expended by plaintiff's counsel are reasonable for this social security case. See Patterson v. Apfel, 99 F. Supp. 2d 1212 n. 2 (C.D. Cal. 2000) (finding 33.75 hours plus 3.5 "fee" hours to be reasonable EAJA award; collecting cases). See also Mendoza v. Bowen, 701 F.Supp. 1471 (N.D. Cal. 1999) (finding fifty hours reasonable despite lack of novel issues); Walton v. Massanari, 177 F. Supp.2d 359, 364-65 (E.D. Pa. 2001) (permitting fees for 53.6 hours spent on a 27 page brief). In this case, the motion itself was twenty pages long, and plaintiff prevailed on most arguments. The losing arguments were nevertheless valid when viewed from the perspective of a competent plaintiff's advocate. Accordingly, the court finds 33.75 of plaintiff's claimed hours to be reasonable.

### C. Whether Fees Should be Payable to Counsel or Plaintiff

Defendant further contends that any award under EAJA must be made payable to plaintiff, not to counsel. Defendant is correct that EAJA provides that the court shall award to a prevailing party fees and other expenses incurred in litigation. 28 U.S.C. § 2412(d)(1)(A). Defendant argues that pursuant to this plain language, legislative history and case law, as well as other fee shifting statutes, the award belongs to the party, not its attorney. The Ninth Circuit case on point, referred to by defendant, states that fees in 42 U.S.C. § 1988 cases should be awarded directly to the prevailing party, "in the absence of a contractual assignment to counsel." Gilbrook v. City of Westminster, 177 F.3d 839, 875 (9th Cir. 1999). In another case cited by defendant, the Supreme Court stated:

> Moreover, this Court, in holding that it is the prevailing party, rather than the lawyer, who is eligible for fees, has recognized that it is the party's right to waive, settle, or negotiate that eligibility, Evans v. Jeff D., 475 U.S. 717, 730, 106 S.Ct. 1531, 1538, 89 L.Ed.2d 747 and has implicitly accepted that statutory fee awards

6

        can coexist with private fee arrangements, cf., <u>Blanchard v. Bergeron</u>, 489 U.S. 87, 94-95, 109 S.Ct. 939, 944-945, 103 L.Ed.2d 67; <u>Blum v. Stenson</u>, 465 U.S. 886, 894-895, 104 S.Ct. 1541, 1546-1547, 79 L.Ed.2d 891.

<u>Venegas v. Mitchell</u>, 495 U.S. 82, 88, 110 S.Ct. 1679, 1680 (1990).  Here, plaintiff has presented proof of a contractual assignment to her attorney of EAJA fees award to plaintiff.  Attach. to Pl.'s Mot.

        Moreover, the assignment at issue does not assign plaintiff's counsel an interest in the right to claim attorneys' fees under EAJA, just the right to recover should any fees be awarded.  See <u>Pony v. County of Los Angeles</u>, 433 F.3d 1138, 1145 (9th Cir. 2006) (for fees awarded under 42 U.S.C. § 1988, although right to seek or waive attorneys' fees may not be transferred, right to collect attorneys' fees can be transferred); see also <u>West Virginia Univ. Hospitals, Inc. v. Casey</u>, 499 U.S. 83, 89 (section 1988 is state counterpart of EAJA); <u>Hensley v. Eckerhart</u>, 461 U.S. at 433 n. 7 (standards for prevailing party fee shifting statutes should be generally the same).

        Also illuminating of the error in defendant's argument is the procedure required under 42 U.S.C. § 406(b).  When an award is made for payment of attorneys' fees under that section, plaintiff's counsel is required to refund to plaintiff the smaller amount of an EAJA award or the amount awarded under § 406(b).  <u>Gisbrecht v. Barnhart</u>, 535 U.S. 789, 796 (2002).  That procedure clearly contemplates an earlier award of EAJA fees being made to plaintiff's counsel.  If plaintiff's counsel could not recover EAJA fees pursuant to a contractual assignment, there would be no necessity for plaintiff's counsel to refund the smaller of the two awards.  Allowing an award under EAJA to be paid to plaintiff's counsel pursuant to contractual assignment is thus consistent with the procedure for determining attorneys' fees under the Social Security Act.  See generally <u>Gilbrook v. City of Westminster</u>, 177 F. 3d 839, 874-875 (9th Cir. 1999) (in absence of contractual assignment to counsel, attorney fee awards under 42 U.S.C. § 1988 must be made directly to the prevailing party).  In this case, plaintiff entered into a contract

7

1   with counsel which assigned the right to recover EAJA fees to plaintiff's counsel. Accordingly,

2   the court will uphold the provisions of that contract.

3       D.  Costs

4           Defendant's final argument is that plaintiff has not submitted evidence of actual

5   costs so they should not be allowed. Defendant further requests that expenses be specified as

6   they are paid out of a different government fund than costs. Plaintiff's summary of billing is

7   sufficient to justify the $152.85 in costs claimed. See Attach. to Pl.'s Mot. Further evidence will

8   not be required for this de minimis amount. Pursuant to 28 U.S.C. § 1920, costs in the amount of

9   $62.75 are awarded for copies, and expenses in the amount of $90.10 are awarded for the

10  remaining items.

11  CONCLUSION

12          Accordingly, IT IS HEREBY ORDERED that plaintiff's March 28, 2007 motion

13  for EAJA fees is granted. Plaintiff is awarded attorneys' fees pursuant to the EAJA in the

14  amount of $5,636.00 and costs in the amount of $152.85. Said fees shall be made payable to

15  plaintiff's counsel.

16  DATED: 11/26/07                                    /s/ Gregory G. Hollows

17                                       GREGORY G. HOLLOWS
                                     UNITED STATES MAGISTRATE JUDGE

18  GGH:076
    Hall1050.eaja.wpd